SMITH v. SPRATT MACHINE CO.

CONTRACT—TIME FOR COMPLETION.—Where parties enter into a contract to do a certain work, and no time is fixed for its performance, the law fixes that it must be completed in a reasonable time, and such reasonable time is that in which parties similarly circumstanced as the obligating party could do the work.

MR. JUSTICE POPE, *dissenting*.

Before ALDRICH, J., Yorkville, November, 1894. Reversed.

Action by Augustus W. Smith against Spratt Machine Company, based on two drafts aggregating $800, drawn on defendant by Tugaloo Iron Works in favor of plaintiff and accepted by defendant, to be paid by them whenever in funds, due Tugaloo Iron Works for work which they had contracted to do for the defendants. Judgment for defendants. Plaintiff appeals.

*Mr. Wm. B. McCaw*, for appellant.

*Messrs. Finley & Brice*, contra.

April 4, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brought this action to recover the amounts mentioned in two bills of exchange drawn by the "Tugaloo Iron Works" on the defendant company, in favor of the plaintiff and accepted by said company. By the terms of these bills of exchange the amounts mentioned were to be paid out of the money due the drawer by the acceptor, when the same became payable. The only defense which it is necessary to notice, under this appeal, was that no money ever became due the Tugaloo Iron Works by the Spratt Machine Company. It is a conceded fact that the Tugaloo Iron Works entered into a contract with the Spratt Machine Company to furnish certain iron work to be used by the defendant company in the construction of the court house at Yorkville. No time was specified in such contract for the completion of the same; but the defendant claimed that, as a matter of law, the contract should have been completed within a reasonable time, and that, as a matter of fact, it was not completed within a reasonable time. It is admitted by counsel that: "At the hearing, testimony was introduced by the plaintiff tending to show the size of the plant of the Tugaloo Iron Works, and the number of operatives engaged at the time the said Tugaloo Iron Works were at work upon the order of the

Spratt Machine Company, and at the time the contract was awarded. Testimony was also introduced to show in what time, with the facilities on hand, the Tugaloo Iron Works could have completed the contract. Testimony was also introduced by the Spratt Machine Company, defendant, tending to show that the said Spratt Machine Company was not aware of the size of the plant of the Tugaloo Iron Works at the time the order was given by the Spratt Machine Company to the Tugaloo Iron Works; and that the Tugaloo Iron Works' plant was a small and insignificant one, and, from the size of the plant and lack of facilities, they were unable to ever carry out the contract."

Under the charge of his Honor, Judge Aldrich, the jury found a verdict in favor of the defendant, and judgment having been entered thereon, plaintiff appeals upon the several grounds set out in the record; all of which have been waived except the *third*, which reads as follows: "For not charging the jury, as requested by plaintiff in his eighth request to charge, the following: 'No time having been specified in the contract between Spratt Machine Company and Tugaloo Iron Works, in which the contract was to be completed, the law fixes a reasonable time—that is, such time in which parties, similarly circumstanced as the Tugaloo Iron Works, could have completed the contract;' and further erred in charging the jury as follows: 'That in the main is correct; but I can not charge you that it means that a reasonable time is that in which a company, similarly circumstanced as the Tugaloo Iron Works were, could perform that contract. I charge you this: that the reasonable time in which to complete that contract, was a time in which a corporation or individuals engaged in furnishing these iron materials would have furnished them. That is a reasonable time.' "

So that the only question presented by this appeal is, whether the Circuit Judge erred in instructing the jury as to the test of what would be a reasonable time for the performance of this contract. It seems to us that in determin-

ing what would be a reasonable time for the performance of a given contract, regard should be had to the situation and circumstances of the parties; for a time which would be reasonable in one case would not be in another. Take this case as an illustration—if the defendant had entered into a similar contract with one of the largest and best equipped iron foundries in the country, the defendant might reasonably have expected that the contract could and would be performed in much less time than if entered into with a much smaller concern, not so well equipped. The defendant was under no obligation to let this contract to the Tugaloo Iron Works, which is represented to be a small concern, not provided with such means and appliances as would enable it to complete the work required by the contract in as short a time as would be required by an iron foundry better supplied with means and appliances; and if the defendant chose to give the contract to the Tugaloo Iron Works, and omitted to specify any time for its performance, as it might have done, we do not see how the defendant could reasonably expect that the contract should be performed in a less time than it would be reasonable to expect that a concern similarly circumstanced, as the Tugaloo Iron Works were, would be able to complete the work called for by the contract. It seems to us that the true rule upon this subject is, that when two parties enter into a contract in the absence of any stipulations to the contrary, it must be assumed that they contracted in view of, and with reference to, the situations and surroundings; and to apply this rule to the present case, when the defendant entered into this contract with the Tugaloo Iron Works, and omitted to specify any time for the performance of the contract, it could not have been reasonably expected that the contract should be performed in a less time than would be reasonably required by a concern situated as the Tugaloo Iron Works were. If the defendant desired to avail itself of the testimony which it offered as above set forth, to the effect that the Tugaloo Iron Works, from the size of its plant and

its lack of facilities, never could have completed the contract, it must be remembered that such testimony was in conflict with that offered by the plaintiff, tending to show within what time, with the facilities at hand, the Tugaloo Iron Works could have completed the contract; and hence, to render that testimony available, the defendant should have requested the Circuit Judge to instruct the jury, that if they believed, from the testimony, that the Tugaloo Iron Works never could have completed the contract, then they should find for the defendant; for, if that was so, then, of course, the contract was not performed within a reasonable time, because it could not have been performed at all. But no such request was submitted, and this Court has no means of ascertaining what the jury believed as to this point. It seems to us that the Circuit Judge erred in furnishing the jury with an erroneous test, by which they were to determine what was a reasonable time for the performance of the contract in this case.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. JUSTICE POPE, *dissenting.* This was an action instituted by the plaintiff against the defendant in the Court of Common Pleas for York County, to recover $800 on two acceptances by defendant of orders drawn on it by a partnership known as the Tugaloo Iron Works, and came on for trial before Judge Aldrich and a jury at the November term, 1894, of the aforesaid Court. The verdict was for the defendant. After entry of judgment thereon, the plaintiff appealed, on the following ground, alleging error in the Circuit Judge in his charge to the jury, as follows:

"For not charging the jury, as requested by plaintiff in his eighth request to charge, the following: 'No time having been specified in the contract between Spratt Machine Company and Tugaloo Iron Works, in which the contract was to be completed, the law fixes a reasonable time—that

is, such time in which parties similarly circumstanced as the Tugaloo Iron Works could have completed the contract.' And further erred in charging the jury as follows: 'That, in the main, is correct; but I cannot charge you that it means that a reasonable time is that in which a company, similarly circumstanced as the Tugaloo Iron Works were, could perform that contract. I charge you this, that the reasonable time in which to complete that contract was a time in which a corporation or individuals engaged in furnishing these iron materials would have furnished them. That is a reasonable time.' "

In connection with this ground of appeal, it may be well to reproduce here an admission of counsel which appears in the "Case." "At the hearing, testimony was introduced by the plaintiff tending to show the size of the plant of the Tugaloo Iron Works, and the number of operatives engaged, at the time the said Tugaloo Iron Works were at work upon the order of the Spratt Machine Company, and at the time the contract was awarded. Testimony was also introduced to show in what time, with the facilities at hand, the Tugaloo Iron Works could have completed the contract. Testimony was also introduced by the Spratt Machine Company, defendant, tending to show that the said Spratt Machine Company was not aware of the size of the plant of the Tugaloo Iron Works at the time the order was given by the Spratt Machine Company to the Tugaloo Iron Works; and that the Tugaloo Iron Works' plant was a small and insignificant one, and from the size of the plant and lack of facilities they were unable to ever carry out the contract." In the light of such testimony as this agreement reveals, namely: "From the size of the plant of the Tugaloo Iron Works and its lack of facilities, such Tugaloo Iron Works could not ever carry out its contract," I do not see how the Circuit Judge could have charged the plaintiff's eighth request *in the form in which it was submitted;* for, granting that no time was agreed upon in which the work contracted for was to be finished and delivered, if it

was a question before the jury that the Tugaloo Iron Works were not in a position *ever* to finish and deliver such work, how could the Judge charge that the true rule in determining what was "reasonable time" was by a reference by the jury, in fixing such "reasonable time," to such time as other parties similarly situated as the Tugaloo Iron Works could have finished the contract?

I do not think the Judge erred in his charge, when he directed the jury that a reasonable time was a time in which a corporation of individuals, engaged in furnishing these iron materials, would have furnished them. This expression from the Judge, when read in connection with his general charge to the jury, seems to me to have been fair to the plaintiff. The matter was for the jury and not the Court to decide. I do not know any better way in which "reasonable time" may be determined by a jury, when such contracts as that at bar is concerned, than testimony offered before them as to the time occupied by corporations or individuals in finishing such iron work.

I think the judgment of this Court should be, that the judgment of the Circuit Court be affirmed.